## INTERNATIONAL BRAID CO. v. THOMAS FRENCH & SONS, Limited.

### Patent Appeal No. 4969.

Court of Customs and Patent Appeals.

May 24, 1945.

Rehearing Denied July 2, 1945.

Herbert B. Barlow, of Providence, R. I., for appellant.

Harry C. Bierman, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This appeal is from the decision of the Commissioner of Patents, 58 U.S.P.Q. 562, sustaining an opposition to the registration of appellant's mark on the grounds, first, that the mark is devoid of trade-mark significance; and, secondly, that its registration is otherwise prohibited because the mark so nearly resembles the registered

mark of appellee as to be likely to cause confusion or mistake in the mind of the public.

The merchandise of the respective parties is of the same descriptive properties. It consists of two lateral bands of ladder web used as cross-straps to support the slats of venetian blinds.

The registered mark consists of two widely separated threads of blue, woven longitudinally into the cross-straps so as to be visable and distinctive from the rest of the strap. Appellant's mark also consists of two threads woven longitudinally into the cross-straps; but these two threads are located much closer together than are the threads of the registered mark and are side by side giving the appearance of a single line.

Appellant's mark as described in its amended application is as follows:

"The mark consists of an arbitrarily selected single narrow hair line stripe extending along substantially the middle of the cross straps of the ladder tape, *said stripe being of generally the same color as the color of the strap but having a different shade or having different light-reflecting properties from the adjacent surface of the strap to be distinctive therefrom,* for example, a red strap would have a distinctive red stripe, a black strap would have a distinctive black stripe, etc. The mark is applied to the goods by weaving two adjacent warp threads of the same color as the cross straps but of distinctive shade or distinctive light-reflecting properties therefrom into the longitudinal center of the cross straps of the ladder tape." (Italics ours)

Appellant contends that the comparative color scheme provided for in its application for registration is a definite provision which calls for the use of a specific color. The import of appellant's argument is that under the provisions of the Trade-Mark Law, its mark is entitled to registration as a mark limited to a specific color and a specific design, or marking, at a specific location in the goods. It also states that the distinctive light reflecting properties of its mark such as "using a white rayon thread in with white cotton threads" warrants its registration. In substance, it urges that the mark does not monopolize the field of colors as competitors "can identify their goods by adopting other locations or adopting other colors which contrast with the tape or a different color than the tape."

■ Appellant also contends here that since the registered mark is indefinite and invalid, appellee is not entitled to its registration and exclusive use. The law is well settled that in an opposition proceeding, the issue is whether or not the opposer would probably be damaged by the registration of the applicant's mark. This Court has repeatedly held, in cases of this character, that the issue as to the validity of opposer's registered mark may not be considered.

■■ Furthermore, the law is well settled that a mark, the distinguishing feature of which is partly identified by the use of a design in color, may be registered; provided, however that the designated color is distinctive and specific. On the other hand, the law prohibits the registration of a mark which provides for the use of *any* color as its distinguishing feature; for the reason not only that such a mark possesses no defined feature which would tend to identify the origin of the goods, but also that the registration of such a mark would endow its owner with an implied monopoly of all the colors of the spectrum. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U.S. 166, 26 S.Ct. 425, 50 L.Ed. 710; Lufkin Rule Co. v. Master Rule Mfg. Co., 40 F.2d 991, 17 C.C.P.A., Patents, 1227; In re Johns-Manville, Inc., 55 App. D.C. 142, 2 F.2d 944; Samson Cordage Works v. Puritan Cordage Mills, 6 Cir., 211 F. 603, L.R.A.,1915F, 1107; In re Gotham Silk Hosiery Co., Inc., 57 App.D.C. 266, 20 F.2d 282.

■ Since appellant's mark is not restricted to the use of a defined or specific color, the mark is not registerable according to the authorities hereinbefore cited. As suggested in the opinion of the Commissioner of Patents, a monopoly of all colors, which registration implies, would deprive appellee of the right to the use of its registered mark with its threads of blue; or, if the two marks were concurrently used by the competing parties in ladder web made of blue tape, confusion and mistake in the mind of the public would likely result.

Applicant, in one of its amendments, during the ex parte prosecution of its case, specifically stated that it did not claim color and that the distinctiveness of the mark

resided in arbitrarily inserting threads having different light-reflecting properties from the adjacent surfaces. It was then suggested by the examiner that amendment be made providing "that said warp stripe consist of rayon threads having light reflecting properties different from the other threads of the cross straps." Applicant accepted the amendment but in revision thereof omitted the word "rayon" for the stated reason that there were many other materials that would serve equally as well.

When the case came to the Examiner of Trade-Mark Interferences, he considered the application as if it called only for the arbitrary insertion of threads having different light-reflecting properties from the adjacent surface to form a relatively narrow stripe across substantially the middle of the cross strap of the ladder tape. He held that applicant did not restrict its mark to any distinctive color and that it was devoid of trade-mark significance, and therefore "would not tend to distinguish the goods or their origin," and consequently there could be no likelihood of confusion and dismissed the notice of opposition.

Upon appeal, the commissioner stated in his decision that applicant's mark was described in the application as follows:

"Applicant does not claim color. The distinctiveness of the mark resides solely in arbitrarily inserting threads having different light-reflecting properties from the adjacent surface and thus forming a relatively narrow stripe along substantially the middle of the cross straps of the ladder tape. The trade-mark is applied to the goods by weaving it into the longitudinal center of the cross stripe of the ladder tape. Applicant disclaims any exclusive right to the representation of a ladder tape alone appearing in the drawing."

However, the commissioner immediately thereafter stated that in its brief on appeal the applicant had submitted, and the opposer's counsel agreed to, the amended description of the mark which we quoted earlier in the opinion, and which the commissioner considered for the purpose of his decision.

It will be noted that in the above quoted amendment to the application is the following language: "said stripe being of *generally* the same color as the color of the strap but having a *different shade or having different light-reflecting properties* from the adjacent surfaces of the strap to be distinctive therefrom." It is clear, therefore, from the amended application that appellant's mark may consist of one in which the stripe is *generally* of the same color as the strap, though of a different shade; or it may depend upon having a stripe of different light-reflecting properties from the adjacent surfaces.

In view of the wording in the amended application, regardless of appellant's arguments and reasons of appeal, we do not have the question presented here as to whether a valid trade-mark may have its distinctive feature depend *solely* upon the difference in light-reflecting properties between it and its surroundings, and we accordingly express no opinion thereon.

Subsequent to the filing of the record in this court, appellee filed a motion suggesting a diminution of the record by the addition thereto of certain papers filed in the Patent Office relative to its motion for judgment on the grounds of res judicata. The motion was granted subject to an order of the court that the costs of printing the additional matter requested by appellee should be taxed on final decision. In view of our conclusion, it is not necessary to pass upon the question of res judicata presented by appellee.

We are of opinion, however, that the additional matter so certified to the court might have become necessary to a proper decision of the issues in this case. Accordingly, the costs of printing the same will be taxed against appellant.

The decision of the Commissioner of Patents is affirmed.

Affirmed.